IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BURNICE WILSON | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0724-R |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Burnice Wilson, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to evading arrest. Punishment, enhanced by two prior felony convictions, was assessed at 10 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Wilson*, No. 59,776-01 (Tex. Crim. App. Apr. 6, 2005). Petitioner then filed this action in federal court.[1]

---

[1] Petitioner originally filed this action in the Tyler Division of the Eastern District of Texas. On March 28, 2006, the case was transferred to the Dallas Division of the Northern District of Texas, the district and division where the state court which convicted and sentenced petitioner is located. *Wilson v. Dretke*, No. 6-06-CV-131 (E.D. Tex. Mar. 28, 2006).

II.

In her sole ground for relief, petitioner contends that the trial court lacked subject matter jurisdiction because one of the two prior convictions alleged for enhancement purposes was obtained without an indictment.

By order dated May 1, 2006, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner was invited to address the limitations issue in a written reply, but failed to do so. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.*

§ 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 10 years in prison for evading arrest. Judgment was entered on August 22, 2002 and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on September 21, 2002. *See* TEX. R. APP. P. 26.2. Petitioner filed an application for state post-conviction relief on May 21, 2004. The application was denied on April 6, 2005. Petitioner filed this action in federal court on March 17, 2006.

The AEDPA statute of limitations started to run on September 21, 2002 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited *21 months* before seeking state post-conviction relief and another *11 months* after her state writ was denied before filing an application for writ of habeas corpus in federal court. No explanation has been offered to justify this delay. Accordingly, the court concludes that this case is barred by limitations and should be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 7, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE